UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:90-cr-00085-MOC

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DARYL PERNELL CAMPS,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion to Secure Documents Under Seal (#144).  Such motion reflects attempted consultation with opposing counsel and no objection was interposed within the time allowed.  LCrR 55.1; LCrR 47.1.

Counsel for defendant seeks access to a number of documents in preparing an Amendment 782 motion on behalf of this defendant.  Pursuant to an earlier request, this court ordered retrieval of the paper record from the National Archives and made such file available at the court's divisional office in Asheville inasmuch as all counsel of record practice in Asheville. The documents as to which counsel for defendant seeks access have been identified as items "one," "two," and "three."

The court has, in an abundance of caution, conducted an *in camera review* of the documents contained in the five-sealed envelopes identified as "item one" and determined as follows:

1.    Document (#13) is defendant's *ex parte* Motion for approval of additional hours for trial preparation.  While such motion was appropriately *ex parte* and sealed to protect defendant's trial strategy, such need no longer exists.  Such document is, therefore, unsealed and the Clerk of Court will be directed to scan such materials into ECF;

1

2.    Documents (#38, 38a, 42, 43, 44, 45, 49, 50, 51, 52, and 53) are all Motions for issuance of trial subpoenas at government expense, related Orders and Writs, and subpoenas. While the need for sealing based on protection of trial strategy from discovery by the government has long passed, the court can see the need to continue the seal of such documents as they contain some personal identifiers of witnesses and disclosure of the identities of such witnesses could still pose a risk to the safety of such persons despite the passage of some 25 years. In making such determination, the court has noted well the violent nature of the offenses of conviction. The court will direct that such documents be scanned into ECF, but that such documents remain under seal with access limited to counsel for this defendant and the government.

3.    The fifth sealed envelope contains returns of service of subpoenas issued by the court at the request of defendant. These documents received no court docket number. While the need for sealing those documents based on protection of trial strategy from discovery by the government has long passed, the court can see the need to continue the seal of such documents as they contain some personal identifiers of witnesses and disclosure of the identities of such witnesses could still pose a risk to the safety of such persons despite the passage of some 25 years. In making such determination, the court has noted well the violent nature of the offenses of conviction. The court will direct that such documents be scanned into ECF, but that such documents remain under seal with access limited to counsel for this defendant and the government.

4.    The court discovered a sixth sealed envelope which also contains returns of service of subpoenas. These documents received no court docket number. While the need for sealing those documents based on protection of trial strategy from discovery by the government has long passed, the court can see the need to continue the seal of such documents as they contain some personal identifiers of witnesses and disclosure of the identities of such witnesses could still pose a risk to

the safety of such persons despite the passage of some 25 years.  In making such determination, the court has noted well the violent nature of the offenses of conviction.  The court will direct that such documents be scanned into ECF, but that such documents remain under seal with access limited to counsel for this defendant and the government.

As to item two, such is represented to be the PSR report.  While defendant identifies the PSR as docket entry "75a," no such entry is found on the copy of the paper docket report the court found on the left-hand side of the file. Instead, the court has found a docket entry for PRESENTENCE REPORT (SEALED) with no corresponding docket number assigned, which follows immediately after a docket entry "75" relating to a different matter.   If the court recalls correctly, in 1990 PSR reports were not placed in the court file, but retained by probation.  The lack of a corresponding docket number would indicate that the court did not retain the PSR as part of its official record.  (That practice has since changed.)  In any event, if the PSR is contained in the court record the court will direct that it remain sealed, but with access granted to counsel for the defendant and the government.  As the court has thoroughly searched the retrieved file for such document, counsel may wish to inquire with the probation office as to whether such document is available through their office.

As to item three, the Statement of Reasons, the court routinely allows continued access to such document by counsel for defendant and the government. The court will direct that the Statement of Reasons found a Tab 77 be scanned into ECF, but that such document remain under seal with access limited to counsel for this defendant and the government.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Secure Documents Under Seal (#144) is **GRANTED**, and the Clerk of Court is instructed to scan in such documents as above

instructed and then reseal such envelopes noting thereon (as the court did when it opened such envelopes) the date such physical resealing occurred.

The Clerk of Court is instructed that in scanning such documents into ECF to simply continue with the next available number rather than attempt to go back and scan them in with their original docket numbers, but noting in the new docket entry the original number of the pleading if available.

Signed: November 5, 2015

Max O. Cogburn Jr.
United States District Judge