UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:90-cr-85-MOC

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| DARYLL PERNELL CAMPS, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on Defendant's pro se Motion for Early Termination of Probation/Supervised Release. (Doc. No. 302). The Government has filed a response opposing Defendant's motion. For the following reasons, the motion is denied.

## I. BACKGROUND AND DISCUSSION

After serving a prison sentence for drug-related offenses, Defendant began his 60 months of supervised release on April 8, 2021. Camps filed a request for early termination of his supervised release on May 2, 2022. (Doc. No. 286). On May 12, 2023, the Government filed a response in opposition to Camps' request for early termination. (Doc. No. 289). Specifically, the Government opposed the request because on July 19, 2021, Camps provided a urinalysis sample that was returned as a specimen not consistent with normal human urine and because Camps had only completed approximately 13 months or 21.6 percent of his court-ordered supervision at that time. (Id.).

On May 26, 2022, the Court entered an order denying Camp's motion for early termination of supervised release but noted that it would reconsider another motion after Camps

1

had served substantially more of his term of supervised release. (Doc. No. 290).

On October 26, 2023, Camps filed the pending motion for early termination of supervised release. (Doc. No. 302). In the motion, Camps requests early termination of supervised release, citing that he has reintegrated back into society by having a permanent residence, maintained employment as a delivery truck driver and then as a warehouse employee, has completed payment of restitution, has no recent arrests, and has volunteered with at-risk youth in the community. On November 3, 2023, the Court ordered the Government to respond to Camp's motion. (Doc. No. 303). As of his filing, Camps has completed approximately 31 months, or approximately 52%, of his court-ordered supervision.

The Government notes that it has conferred with Kerrie Huelsman, Kemp's supervising probation officer, and Jason Kemp. Officers Huelsman and Kemp acknowledge that Camps has maintained compliance with his conditions of supervised release, has maintained employment, and has spoken to youth at West Charlotte High School, but they note that he has not secured his own personal residence and is residing with a relative. Probation has asserted that it would like to see Camps become more self-sufficient (i.e., establish his own residence and work further towards his long-term goal of obtaining a box truck) before agreeing to early termination of supervised release.

Here, given probation's responses, the Court finds that Camps' supervision will not be terminated early at this time.

In sum, Defendant's pro se Motion for Early Termination of Probation/Supervised Release, (Doc. No. 302), is **DENIED**.

2

Case 3:90-cr-00085-MOC    Document 306    Filed 12/06/23    Page 2 of 3

Signed: December 6, 2023

Max O. Cogburn Jr
United States District Judge

3